In re William A. CANNON, Jane Cannon, Debtors.

STATE OF MISSOURI, ex rel. John D. ASHCROFT, Attorney General, Plaintiff,

v.

William A. CANNON, Defendant.

Bankruptcy No. 83–00238(3).

Complaint No. 83–0324(3).

United States Bankruptcy Court, E.D. Missouri.

July 15, 1983.

Peter Lumaghi, Asst. Atty. Gen., St. Louis, Mo., for plaintiff.

Leslie A. Davis, Clayton, Mo., for defendant.

MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the motion of the defendant/debtor to dismiss an adversary complaint for lack of standing to sue. In its complaint, the State of Missouri, plaintiff, has requested a determination of non-dischargeability of a debt as the result of the debtor's alleged false pretenses, false representations, or actual fraud, pursuant to 11 U.S.C. § 523(a)(2).

The debtor's motion attacks only the plaintiff's standing to prosecute this cause of action. Therefore, this memorandum addresses only the narrow question of whether or not the State of Missouri may sue under Section 523(a)(2) for a determination of the dischargeability of a debt based upon the debtor's pre-bankruptcy actions, when such actions allegedly resulted in damages to entities other than the State.

The federal law provides that a debt as described at Section 523(a)(2) shall be discharged unless

> ... on request of *the creditor to whom such debt is owed* ... the court determines such debt to be excepted from discharge ... 11 U.S.C. § 523(c) emphasis added.

Therefore, the request referred to at Section 523(c) must be made by an entity which is a creditor of the debtor; and the debt sought to be excepted from discharge must be owed to that entity.

The debt(s) complained of here are based upon alleged misrepresentations by William Anthony Cannon as to the use of certain bond monies received by him as an individual and officer of a non-debtor corporation (Western Express Carriers, Inc.), and upon his alleged misrepresentations concerning the payment of salaries. The creditors to whom the debts are owed as a result of these alleged misrepresentations are the individuals who paid the sums described as bond monies, and the employees of the debtor and/or Western Express. The State of Missouri paid no bond monies to the debtor, and was not the debtor's employee, and therefore is not a creditor of this debtor for any sums which may be owed for unpaid salaries or for bond monies which may be determined to be refundable.

■ Lacking status as a creditor, the State of Missouri may not request a determination of dischargeability of pre-bankruptcy debts which resulted from the debtor's misrepresentations as set out in this complaint.

The State argues, however, that its standing here is based upon a post-bankruptcy judgment entered by the Circuit Court of St. Louis County against William Anthony Cannon, debtor, and against the non-debtor corporation. The County Circuit Court (hereafter, State Court) found that the debtor had violated Section 407.020 RSMo, 1978, by misrepresenting facts relating to salaries and the use of bond monies. As a result of these findings, the State Court entered a permanent injunction against the debtor prohibiting him from engaging in similar practices in the future.

■ In addition to the injunction, the State Court, at paragraph 3 of its order, directed that William A. Cannon make restitution to eight specifically identified individuals in the amounts listed therein. The State of Missouri has now contended that as the successful plaintiff in that action, it possesses standing in the Bankruptcy Court to request that the order of restitution be determined to be not discharged in this case. For the several reasons set out here, this Court must reject that contention.

Initially, it must be noted that a bankruptcy discharge is limited to two general categories of debts: those which arose before the date of the order for relief (formerly referred to as adjudication); and those claims for which liability is deemed to have arisen before the commencement of the case as may be determined by law. *11 U.S.C. § 727(b)*. The State Court judgment was entered after the order for relief in this case; and it does not fall within the categories of liabilities deemed to have arisen before the commencement of the case as described at Section 502 of the Bankruptcy Code. As previously determined, the State of Missouri was not a creditor of this debtor prior to the entry of the order for relief. Therefore, if the State Court order has created a new debt in favor of the State of Missouri, the obligation would have arisen after the order for relief and would not be discharged in this bankruptcy case. It is axiomatic that an action to determine dischargeability does not lie if the debt is not subject to being discharged in a bankruptcy case.

However, this Court finds and concludes that the order of restitution did not create a new debt of this debtor in favor of the State of Missouri because the basis of the liability is the debtor's pre-petition misrepresentations to other parties as determined by the State Court. The language of the State Court order is as follows:

3. William A. Cannon shall make the following restitution to the named individuals...

By directing that restitution be made to certain named individuals, the State Court clearly did not award a money judgment to the State of Missouri against this debtor. Therefore, the debtor owes no debt to the State of Missouri as the result of the alleged misrepresentations, and the State may not prosecute this dischargeability action in its own behalf.

Although the preceding findings provide a sufficient basis upon which to grant the debtor's motion to dismiss this complaint, the circumstances in the debtor's bankruptcy case necessitate a consideration of the State's ability to prosecute this action as a representative or agent of the parties injured by the debtor's misrepresentations. The debtor's schedules refer to more than eight hundred and seventy (870) individuals who may be in that class of persons who paid bond monies or who were employees of the debtor or Western Express. The possibility that each of these persons may file a complaint to determine dischargeability suggests that the debtor may be unduly prejudiced if compelled to defend each action separately. Further, it has been suggested that the cost of prosecuting separate lawsuits may discourage most of the individuals from attempting to recover the relatively small amounts involved in each case.[1] One obvious answer to this apparent dilemma is the initiation of a lawsuit by a representative of, or agent for, the group of individuals, or by a class action suit as may be recognized by Rule 23 of the Federal Rules of Civil Procedure as applicable to a bankruptcy proceeding.

Should such an action be possible in this case, the record provides no basis upon which to conclude that the State of Missouri may prosecute this action as agent, representative, or attorney for the individuals or the class of individuals listed in the debtor's schedules.

The State of Missouri then argues that its authority to act on behalf of these individuals is derived from Section 407.025 of the Fair Merchandising Practices Act of Missouri, and a 1978 Bankruptcy Court decision which recognized the status of the State of Kansas as a creditor under the Kansas Consumer Protection Act.

The Missouri Attorney General is empowered by Section 407.100 of the Fair Merchandising Practices Act to institute a lawsuit for injunctive relief against persons found to have engaged in unlawful acts, as follows:

Whenever it appears to the Attorney General that a person has engaged in or is engaging in any method, act or practice declared to be unlawful ... he may ... seek and obtain in an action in a circuit court an injunction prohibiting such person from continuing such methods, acts, or practices.... Section 407.010, RSMo., 1978.

In addition to the injunctive relief, the State Circuit Court may make such orders as are necessary to restore to any person such monies as may have been lost by means of the unlawful practices. Section 407.100 RSMo., 1978. In the instant case, the State Court in fact awarded a judgment of restitution to persons whose money was acquired by means of the unlawful practices. Therefore, this Court finds that nothing in the Fair Merchandising Practices Act authorizes the Missouri Attorney General to act as attorney, agent or representative of persons granted restitution as provided for in the Act. Further,

---

1. The record indicates that most individuals paid approximately $50.00 for what has been described as the bond monies.

the Court finds that the Act does not grant to the Missouri Attorney General the authority to take any action to collect the monies ordered restored on behalf of the persons awarded such judgments. These findings are not entered without considerable reflection upon the United States Supreme Court's decision in the Northern Pipeline case[2], which limited the Bankruptcy Court's jurisdiction to hear and decide certain matters. After discussion with counsel for both parties, the Court has concluded that the issues presented here are contested matters which relate to the administration of the estate and may be determined by the Bankruptcy Court. Paragraph (d)(3)(A), Rule of the U.S. District Court, December 25, 1982. Therefore, these findings are entered with the intention of providing to the debtor and to the creditors a legal basis from which they may attempt to resolve the numerous dischargeability issues in the most expeditious and least expensive manner possible.

Neither party has located a court decision which extends the Attorney General's enforcement power under the Fair Merchandising Practices Act to include the collection of restitution orders. The Attorney General has referred to a Bankruptcy Court decision in *State of Kansas, ex rel Vern Miller v. Alan Bradbury,* 4 BCD 263 (B.J., D.Kan. 1978) as precedent for his action here. Although the decision concluded that the State of Kansas was a creditor in Mr. Bradbury's bankruptcy case, the circumstances relied upon by the Kansas Court do not exist in the Missouri case. The Court found that the Kansas Attorney General was granted specific powers by the state law:

> The Kansas Legislature, by enactment of the Kansas Consumer Protection Act, has given the Attorney General and the District Attorneys of the State power to recover damages on behalf of consumers. Through this enactment, they have become the duly authorized agent, attorney or proxy of those consumers and thereby

a creditor in this bankruptcy. *State v. Bradbury,* id, at 264.

■ The Missouri Fair Merchandising Practices Act does not contain an express grant of such power to the Missouri Attorney General. Absent a clear statement of legislative intent, the Court may not create in the Attorney General the power to collect an award of restitution on behalf of another entity. See, *State of Missouri, ex rel John C. Danforth v. European Health Spa, Inc.,* 611 S.W.2d 259 (Mo.Ct.App.1981).

The Court is aware of several cases wherein a federal agency or a labor union was recognized as a creditor in bankruptcy cases. *N.L.R.B. v. Killoren,* 122 F.2d 609 (8th Cir.1941); *Nathanson v. NLRB,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952); *Matter of Schatz Federal Bearings,* 5 B.R. 543, 2 C.B.C.2d 741 (Bkrtcy.S.D.N.Y.1980). Generally, these decisions were based upon findings that the agency was the only party possessing the ability to enforce certain provisions of federal law, or that a contractual relationship had designated the labor union as the sole entity to enforce collection actions. Neither of these circumstances is present in this case.

Therefore, the Attorney General lacks standing to pursue this action to determine dischargeability, and the defendant's motion to dismiss is elsewhere granted.

As a result of this dismissal, the merits of the complaint have not been decided under the federal law. Therefore, in the interests of justice, and in consideration of the discussion in this memorandum, the time to file a complaint to determine the dischargeability of certain debts is being extended by separate order.

### ORDER

At Saint Louis, in this District, this 15th day of July, 1983.

The defendant/debtor's motion to dismiss having been argued and submitted to the Court; and findings and conclusions having

---

**2.** *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

been entered this date; now, therefore, upon consideration of the record as a whole,

IT IS ORDERED:

That the defendant/debtor's motion to dismiss this complaint for lack of standing to prosecute be and hereby is GRANTED; and that plaintiff's complaint to determine the dischargeability of certain debts be and hereby is dismissed; and

That, upon the Court's own motion, the last day to file a complaint objecting to discharge or to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) is hereby extended to August 19, 1983, as to all creditors in this case.