In re William Anthony CANNON,
Jane Cannon.

STATE of Missouri, ex rel. John D.
ASHCROFT, Attorney
General, Plaintiffs,

v.

William Anthony CANNON, Defendant.

No. 83–2145C(3).

United States District Court,
E.D. Missouri, E.D.

Dec. 20, 1983.

Warren Weinstein, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for plaintiffs.

Leslie A. Davis, St. Louis, Mo., for defendant.

MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on appeal from an order entered by a United States Bankruptcy Judge granting debtor William Cannon's motion to dismiss an adversary complaint for lack of standing to sue. *In re Cannon,* 31 B.R. 823 (Bkrtcy.E.D.Mo.1983). At issue is the question whether the State of Missouri has standing to sue for a determination of the dischargeability of debts owing to eight individuals as a result of the State's successful civil prosecution of the debtor under the Merchandising Practices Act, Mo.Rev.Stat. § 407.010, et seq.

The parties do not dispute that plaintiff in this action, the State of Missouri, filed a petition in January of 1982 charging defendant debtor with violation of Mo.Rev. Stat. § 407.020, which prohibits the use of fraud or misrepresentation in connection with the sale of advertisement or merchandise. In April of 1983, a St. Louis County circuit judge permanently enjoined the debtor from misrepresenting the payment of a future salary or wages to employees and from misrepresenting the payment of risk capital monies by prospective employees as "performance bonds." The court also ordered that "William A. Cannon shall make the following restitution to the named individuals . . . ." The total amount of restitution ordered was $3650 to eight named persons.

Subsequent to the filing of that petition, defendant debtor filed a bankruptcy action and relief was ordered. The State of Missouri then filed a complaint to determine the dischargeability of the debts owed by defendant debtor to those eight individuals. The bankruptcy judge dismissed the complaint for lack of standing but extended the

filing deadline for complaints as to the creditors involved in this case.

Debts for obtaining money or services by false misrepresentations are discharged "unless, on request of the creditor to whom such debt is owed ... the court determines such debt to be excepted from discharge ...." 11 U.S.C. § 523(c). "Debt" is defined as liability on a claim, 11 U.S.C. § 101(11); and "claim" means either a right to payment, 11 U.S.C. § 101(4)(A), or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. 11 U.S.C. § 101(4)(B). For purposes of this action, "creditor" means an entity that has a claim against the debtor or his estate. 11 U.S.C. § 101(9).

The State argues that it has a right to payment, even though the money paid would run to individuals rather than the State, due to its authorization to sue for relief from unlawful merchandising practices by an individual. Mo.Rev.Stat. § 407.-100 provides that the attorney general may seek an injunction against the continuation of such practices and that the circuit court may "make such orders or judgments as may be necessary, including but not limited to the appointment of a receiver ...." While the State concedes that it may not sue on behalf of private individuals in a private action, it characterizes its efforts in this action as enforcement of public rights, with monetary relief for the enforcement running to individuals. However, it is clear that the debtor owes no debt to the State of Missouri. The order involved directs that restitution be made to eight named individuals, not to the State, and the State has not provided the Court with a citation to any particular section of the Missouri statutes authorizing it to act on behalf of private individuals in collecting the amount due them as a result of the above-mentioned order.

The State argues the applicability of *Nathanson v. National Labor Relations Board,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), wherein the Board was held to be a creditor, for the purpose of filing a claim in a bankruptcy action, in respect to backpay owing to the debtor's employees. In that case, however, the Board was the only party entitled to enforce the underlying act, and the backpay order was defined as "a command to pay an amount owed the Board as agent for the injured employees." *Id.* at 27, 73 S.Ct. at 82. Here, payment has been directed to be made to the individuals themselves rather than to an entity on their behalf. Additionally, individuals are entitled to enforce the proscription of unlawful merchandising practices; they need not rely on the attorney general to do so on their behalf. *See* Mo.Rev.Stat. § 407.025.

Similar distinctions exist between the instant case and the situation addressed in *Kansas ex rel. Miller v. Bradbury,* 4 B.C.D. 263 (Bkrtcy.D.Kan.1978), another case cited by the State in support of its contention that it is a creditor with respect to defendant debtor. In *Bradbury,* the State of Kansas was held to be a bankrupt's creditor by virtue of having obtained a consent judgment requiring payment to thirty-three claimants for violations of the Kansas Consumer Protection Act, Kan.Stat.Ann. § 50–623, et seq. In determining the State's status under the Act, the court found that the attorney general and district attorney "have become the duly authorized agent, attorney or proxy of those consumers and thereby a creditor in this bankruptcy." *Id.* at 264. In so holding, the court stated that "[t]o deny the State the right of a creditor would restrict its ability to enforce the Kansas Consumer Protection Act and would appear to be contrary to legislative intent." *Id.*

Although the Kansas Consumer Protection Act obviously addresses concerns similar to those embodied in the Missouri Merchandising Practices Act, the two acts are not identical. Under the Kansas statutes, the attorney general is empowered to bring an action on behalf of consumers to recover actual damages resulting from violations of the act. Kan.Stat.Ann. § 50–632(a)(3). As noted above, no such authorization exists in the Missouri scheme.

Alternatively to its argument that it has a right to payment from debtor, the State

contends that it is a creditor in that it has a right to an equitable remedy for breach of performance should debtor fail to make restitution. Specifically, the State contends that it is authorized by Mo.Rev.Stat. § 407.-110 to seek the imposition of a civil penalty for each violation by debtor to the court's order directing restitution, and that it therefore has a "claim" against debtor under 11 U.S.C. § 101(4)(B).

The Court does not agree. Section 407.-110 authorizes civil penalties only against "[a]ny person who violates the terms of an injunction issued under section 407.110 . . . ." It does not authorize the imposition of civil penalties for violating an order to make restitution. Because § 407.110 is penal in nature, it "must be strictly construed and . . . a penalty may not be created by the construction of a statute but the penalty must clearly appear to have been intended to be created by the Legislature." *State ex rel. Danforth v. European Health Spa,* 611 S.W.2d 259, 261–62 (Mo.App.1980). Accordingly, the State's claim of possession of an equitable remedy also fails. The State does not have standing to pursue its complaint against the debtor.