ROSS, Circuit Judge.
 

 This case is before us on appeal from the district court’s
 
 [1]
 
 order upholding a bankruptcy judge’s dismissal of a complaint filed by the State of Missouri challenging the dischargeability of a debt owed by William A. Cannon to eight individuals. Because we believe the state lacks standing to challenge the dischargeability of the debt in this case, we affirm the judgment of the district court.
 

 Facts
 

 In January, 1983, the State of Missouri filed an action against William Cannon in the Circuit Court of St. Louis County alleging that Cannon violated the Merchandising Practices Act, MO.ANN.STAT. § 407.010
 
 et seq.
 
 (Vernon 1979), by making fraudulent misrepresentations as to the use of certain bond monies received by him. During the pendency of that action, Cannon filed a Chapter VII bankruptcy proceeding in the Bankruptcy Court of the Eastern District of Missouri. Thereafter, the state court entered an order holding that Cannon had violated the Act, and enjoining any further violations. Additionally, the court ordered that:
 

 3. William A. Cannon shall make the following restitution to the named individuals:
 

 (a) Mr. Jack Wiedmer * * * $ 500.00
 

 (b) Mr. Brent Brady * * * $ 500.00
 

 (c) Mr. Michael Davis * * * $1,000.00
 

 (d) Mr. Charles Hollander * * * $1,000.00
 

 (e) Mr. Jerry Marshall * * * $ 500.00
 

 (f) Mr. Charles Simpson * * * $ 50.OO
 

 (g) Ms. Deborah Demma * * * $ 50.00
 

 (h) Mr. Terry Baker * * * $ 50.00
 

 State ex rel. Ashcroft v. Western Express Carriers, Inc.,
 
 No. 467668, slip op. at 2 (Mo.Cir.Ct., April 7, 1983).
 

 On May 10, 1983, the State of Missouri filed a complaint in the bankruptcy court to determine the dischargeability of the restitution debt. The debtor filed a motion to dismiss the complaint alleging that the state lacked standing to challenge the discharge. The bankruptcy court granted the motion, holding that the “creditors to whom the debts [were] owed as a result of [the] alleged misrepresentations [were] the individuals who paid the sums * * L The state * * * paid no * * * monies to the debtor * * *.”
 
 In Re Cannon,
 
 31 B.R. 823, 824 (Bankr.E.D.Mo.1983). The court observed that the state court order directed Cannon to “make restitution to eight specifically identified individuals * * * listed therein,”
 
 id.
 
 at 824, and noted that nothing in the Missouri statutory scheme authorized the Attorney General to recover damages on the behalf of individual consumers. The court determined that the individual debtors would be given additional time within which to file their claims either as individuals, or as a class.
 

 On December 20, 1983, the district court affirmed the dismissal. The court stated:
 

 While the State concedes that it may not sue on behalf of private individuals in private action, it characterizes its efforts in this action as enforcement of public rights, with monetary relief for the enforcement running to individuals.. However, it is clear that the debtor owes no debt to the State of Missouri. The order involved directs that restitution be made to eight named individuals, not to the State, and the State has not provided the Court with a citation to any particular section of the Missouri statutes authorizing it to act on behalf of private individuals in collecting the amount due them as a result of the above-mentioned order.
 

 
 *1141
 

 In Re Cannon,
 
 36 B.R. 450, at 451 (E.D.Mo.1983). This appeal followed.
 

 ISSUE
 

 The single issue presented by this appeal is whether the State of Missouri had standing under 11 U.S.C. § 523(a)(2)(A) (1979) to challenge the dischargeability of a debt owed to eight individuals as a result of the state’s successful prosecution of the debtor under the Missouri Merchandising Practices Act.
 

 Discussion
 

 In order to challenge the dischargeability of a debt resulting from a misrepresentation under section 523(a)(2)(A), “the creditor to whom such debt is owed” must request the court to except the debt from discharge. 11 U.S.C. § 523(c) (1979). A “creditor” is an entity that has a claim against the debtor or his estate. 11 U.S.C. § 101(9)(A) (1979). A “claim” means either a right to payment, or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. 11 U.S.C. §§ 101(4)(A) & (B) (1979). The State of Missouri was not a creditor to whom a debt was owed within the meaning of the bankruptcy code, accordingly, it lacked standing to challenge the discharge-ability of the debt.
 

 The state court specifically ordered that restitution payments be made to eight enumerated individuals. The state concedes that the Attorney General may not sue on behalf of private individuals in a private action.
 
 See, State ex rel. Barker v. Chicago & A.R. Co.,
 
 265 Mo. 646, 178 S.W. 129 (Mo.1915) (en banc). Nonetheless, the state asserts that it has a cognizable claim under sections 101(4)(A) & (B) because of the language in section 407.110 of the Merchandising Practices Act, which states:
 

 “Any person who violates the terms of an injunction issued under section 407.100 shall forfeit and pay to the state a civil penalty of not more than five thousand dollars per violation.” MO.ANN.STAT. § 407.110 (Vernon 1979). Section 407.100 provides:
 

 Whenever it appears to the attorney general that a person has engaged in or is engaging in any method, act, or practice declared to be unlawful * * * he may * * * seek and obtain in an action in a circuit court an injunction prohibiting such person from continuing such methods, acts, or practices or engaging therein or doing anything in furtherance thereof. * * * If the court finds that the person has engaged in or is engaging in any method, act, or practice declared to be unlawful * * *, it may make such orders or judgments as may be necessary * * * to restore to any person who has suffered any ascertainable loss by reason of the use of employment of such prohibited methods, acts, or practices any moneys or property, real or personal, which may have been acquired by means of any method, act, or practice * * * declared to be unlawful.
 

 MO.ANN.STAT. § 407.100 (Vernon 1979). This section merely provides that the Attorney General may seek an injunction prohibiting the invalid practice, and it grants the court the authority to make whole, persons who have suffered as a result of the invalid practice. Section 407.110 allows for a penalty if the injunction is violated. These provisions do not address the state’s right to sue on behalf of the beneficiaries of the restitution order. Furthermore, the provisions do not authorize the imposition of civil penalties for violating an order to make restitution, rather they provide penalties for violations of the terms of an injunction.
 
 [2]
 
 Therefore, the state’s reliance on
 
 *1142
 
 section 407.110 is misplaced. This statutory scheme does not afford the state either a “right to payment,” or a right to an equitable remedy for a breach that “gives rise to a right to payment,” as required under 11 U.S.C. § 101(4)(A) & (B).
 

 The state also relies on
 
 Nathanson v. NLRB,
 
 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), wherein the Board was held to be a creditor for the purpose of filing a bankruptcy claim regarding a backpay award owed to the debtor’s employees. In that case, however, “Congress * * * made the Board the only party entitled to enforce the Act.”
 
 Id.
 
 at 27, 73 S.Ct. at 82. The back-pay order was considered a command to the employer to pay the amount owed to the Board as agent for the injured employees.
 
 Id. Cf. In re Bradbury,
 
 4 Bankr.Ct. Dec. 263 (Bankr.D.Kan.1978) (state attorney general as agent for consumers allowed creditor status where state statute specifically authorized recovery of damages on behalf of consumers). In this case the state court specifically ordered restitution be made to the individuals. Furthermore, under the Missouri statutory scheme, the Attorney General is not the only party entitled to enforce the Act. Section 407.-025 of the Merchandising Practices Act provides for a private right of action to persons harmed by proscribed acts.
 
 See
 
 MO.ANN.STAT. § 407.025 (Vernon 1979).
 
 Nathanson
 
 is therefore inapplicable. Accordingly, we affirm the judgment of the district court.
 

 [1]
 

 . The Honorable William L. Hungatc, United States District Judge for the Eastern District of Missouri.
 

 [2]
 

 . The state argues that the order to make restitution is a mandatory injunction, and, therefore the state statutory scheme affords the state a claim against the debtor under section 407.110 for violating the mandatory injunction. We do not construe section 407.100 in this manner. Section 407.100 authorizes the circuit court to grant an injunction "prohibiting” proscribed conduct, and to make the victims whole. We believc that the restitution order in this case, designed to make the victims whole, is a money damage award, not a mandatory injunction, Accordingly, section 407.110 is not applicable,
 

 The state further contends that the state circuit judge could have ordered the restitution payable to the state for disbursement to the victims and been within the ambit of the law. Without passing upon the validity of the argument, it is clear the state court judge did not do this; instead he ordered restitution to eight specifically identified individuals,