Aaron A. & Kimberly A.
MILLER, Debtors.

Mary S. Coleman, David M. Billingsley, Triangle Marketing,
Plaintiffs/Appellants,

v.

Aaron Miller & Kimberly Miller,
Defendants/Appellees.

No. 00–4142–RDR.
Bankruptcy No. 99–42944–7
Adversary No. 0–7048

United States District Court,
D. Kansas.

Nov. 29, 2001.

Todd A Luckman, Wesley F. Smith, Stumbo, Hanson & Hendricks, Topeka, KS, for Aaron and Kimberly Miller.

Lynn D. Lauver, Topeka, KS, for plaintiffs/appellants.

United States Bankruptcy Court–Topeka Division, Topeka, KS, Interpleader, pro se.

Joseph L. Wittman, Topeka, KS, trustee, pro se.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from an order of the bankruptcy court. The bankruptcy court dismissed the complaint filed by the plaintiffs/ appellants in an adversary proceeding for failure to state a claim upon which relief can be granted. The court has heard oral argument and is now prepared to rule.

The background of this case is somewhat complicated. Aaron and Kimberly Miller filed a Chapter 7 bankruptcy on December 30, 1999. The plaintiffs/appellants filed an adversary proceeding against the Millers. In the complaint, they contended that the Millers committed fraud by concealing certain trade debt ("milk bills") from them. They asked the bankruptcy court to find that these milk bills were non-dischargeable.

The claims asserted in the adversary proceeding arise from the dealings of the Millers and the plaintiffs/appellants with Alma Cheese, LLC. In 1998, the Millers purchased Alma Cheese, LLC. Subsequently, plaintiffs/appellants Mary S. Coleman, David M. Billingsley and Triangle Marketing, LLC entered into negotiations with the Millers to purchase Alma Cheese, LLC. Alma Cheese, LLC then sought industrial revenue bonds to operate the business. In order to complete the bond application and run the business, Alma Cheese, LLC was reformed in April 1999. The new Alma Cheese, LLC had two members, each holding a 50% interest: Aaron Miller and Triangle Marketing, LLC. In order to secure the bond issue, Miller and the individual members of Triangle Marketing, LLC, plaintiffs Billingsley and Coleman, along with others, gave personal guarantees of the bond debt.

Plaintiffs/appellants purchased the industrial revenue bonds. In doing so, they allege that they relied upon a statement of financial affairs of Alma Cheese, LLC that had been prepared by Aaron Miller. Plaintiffs/appellants further contend that this statement of financial affairs was false because it did not list a debt of $176,711.42 owed by Alma Cheese, LLC to the Dairy Farmers of America. Plaintiffs/appellants also allege that, while Aaron Miller was the chief operating officer of Alma Cheese, LLC, he concealed invoices of Lone Star Milk Producers in the amount of $192,191.62 from them.

In the bankruptcy court, the Millers sought dismissal of the adversary complaint. They argued that the plaintiffs

lacked standing to pursue the case. They pointed out that the debts asserted to be non-dischargeable were not the debts of the plaintiffs or the debtors. They noted that the debts were unsecured obligations of Alma Cheese, LLC. Accordingly, the Millers contended that the complaint must be dismissed because plaintiffs were not creditors to whom the debt in question was owed pursuant to 11 U.S.C. § 523(c)(1).

The bankruptcy court agreed with the Millers and dismissed the complaint for failure to state a claim upon which relief can be granted. The bankruptcy court requested that the plaintiffs demonstrate that they were personally liable for the milk bills. The bankruptcy court found that plaintiffs were unable to do so. Plaintiffs have signed personal guarantees for some of the Alma Cheese debts. Plaintiffs, however, were unable to produce any evidence that they are personally liable for the milk bills. The bankruptcy court concluded: "The court finds that the Plaintiffs lack standing to pursue the Adversary Complaint as they do not owe the debt subject to this action, and it should be dismissed, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6)."

■ A Chapter 7 bankruptcy discharge does not discharge the debtor from any debt for money, property, services, or an extension renewal or refinancing of credit, if obtained by fraud or misrepresentation of the debtor's financial condition. 11 U.S.C. § 523(a)(2)(A). In order to challenge the dischargeability of a debt resulting from fraud or misrepresentation under § 523(a)(2)(A), "the creditor to whom such debt is owed" must request exception of that debt from discharge. 11 U.S.C. § 523(c)(1). Thus, the only party that has standing to challenge the dischargeability of a debt is the party to whom the debt is owed. *In re Jarmul*, 150 B.R. 134, 138–39 (Bankr.W.D.Pa.1993).

■ The bankruptcy court granted the Millers' motion to dismiss for failure to state a claim upon which relief can be granted. We review that decision de novo. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1125 (10th Cir.1994) ("[T]he sufficiency of a complaint is a question of law which we review de novo.") (quoting *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir.1989)); *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991) ("We review de novo a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted.").

■ A party may challenge standing in a motion to dismiss or in a motion for summary judgment. In considering a motion to dismiss based on standing, the court ordinarily rules based on the pleadings. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In considering a motion for summary judgment based on standing, a court considers evidence outside the pleadings. *Id.* In addition to these two party-initiated motions, the court on its own initiative may undertake evidentiary hearings, even in the context of a motion of dismiss. *Haase v. Sessions*, 835 F.2d 902, 904 (D.C.Cir.1987).

Here, the bankruptcy court sought additional evidence from the plaintiffs after the defendants filed their motion to dismiss. The bankruptcy court offered the plaintiffs the opportunity to provide support for their contention that they owed the debt to the milk producers. The plaintiffs offered evidence that they were guarantors of certain debts of Alma Cheese, LLC, but they came forward with no evidence that they were guarantors of the milk bills. Accordingly, the bankruptcy court dismissed plaintiffs' complaint.

In their appeal, plaintiffs/appellants contend that the bankruptcy court erred in concluding that they lacked standing to pursue the non-dischargeability complaint. They further suggest somewhat vaguely that the bankruptcy court erred in failing to find in the allegations of their complaint a viable non-dischargeability claim. They next contend that, if they have not properly stated a non-dischargeable claim, either the bankruptcy court should have allowed them to amend their complaint or this court should allow them to do so.

The court is persuaded that the bankruptcy court properly dismissed plaintiffs' complaint. Both the pleadings and the evidence before the bankruptcy court failed to demonstrate that the plaintiffs were personally liable for the milk bills. They made no allegation or showing that they had personally guaranteed the debts owed to the milk producers. Without such a showing, the bankruptcy court properly dismissed the plaintiffs' complaint. See, e.g., *In re Cannon*, 741 F.2d 1139, 1141 (8th Cir.1984) (state was not a creditor to whom debt was owed within meaning of Bankruptcy Code, and thus lacked standing to challenge dischargeability of debt).

The court also fails to find that the bankruptcy court erred in not finding that a cause of action existed from the allegations that were contained in the complaint. The bankruptcy court did not have a duty to find some interpretation of the complaint that would avoid a motion to dismiss. See *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1184 (10th Cir.1999). The bankruptcy court was not required to read the complaint for relief that was not requested. *Id.* The bankruptcy court considered the request for relief made by the plaintiffs. We do not believe that any more was required.

Finally, this court shall not remand this action to allow plaintiffs to amend their complaint. Plaintiffs failed to request permission to amend from the bankruptcy court, and we will not grant that privilege for the first time on appeal. See *Dahn v. United States*, 127 F.3d 1249, 1252 (10th Cir.1997) (noting that the amendment of a complaint is a procedure to be addressed in the first instance by the district court).

In sum, the decision of the bankruptcy court shall be affirmed. **IT IS SO ORDERED.**