**Douglas R. CLARK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:90–CV–14.**

United States District Court, W.D. Michigan.

Jan. 18, 1991.

Carl L. Reagh, Lansing, Mich., for plaintiff.

Mark D. Lansing, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## OPINION

ENSLEN, District Judge.

This case is before the Court on defendant's motion to dismiss, or, in the alternative, motion for summary judgment, filed May 21, 1990. Plaintiff filed a complaint on March 8, 1990 seeking to quiet title, pursuant to 28 U.S.C. § 2410 (1988), to property allegedly subject to a federal government lien of the Internal Revenue Service (IRS).

Plaintiff claims that procedural irregularities render the lien unlawful. Defendant responds that if this Court has jurisdiction over plaintiff's complaint, the complaint is deficient on its face for failure to comply with the pleading requirements established by 28 U.S.C. § 2410(b). Therefore, defendant argues, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief may be granted. In the alternative, defendant argues that the evidence demonstrates there is no genuine issue of material fact as to compliance with the proper procedures for establishing and executing a federal lien. Summary judgment, defendant therefore argues, should be granted in its favor. I find that plaintiff's complaint does not set forth the information required under 28 U.S.C. § 2410(b) and thus should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading.

---

*Davis H. Elliot Co., Inc. v. Caribbean Utils. Co.,* 513 F.2d 1176, 1182 (6th Cir. 1975). Technically, of course, the 12(b)(6) motion does not attack the merits of the case. It merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1364, at 340 (Supp.1990). In deciding a 12(b)(6) motion, the court must determine whether plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983); *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1034–35 (6th Cir. 1979).

Section 2410 provides for a limited waiver of the United States' sovereign immunity in certain circumstances. It states that the United States may be named a party in an action "to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien" when the Court has jurisdiction over the property at issue. 28 U.S.C. § 2410(a). The Sixth Circuit has adopted the view that "[a] suit under 28 U.S.C. § 2410 is proper ... to contest the procedural regularity of a lien" by the IRS, but not "to challenge the underlying tax liability." *Pollack v. U.S.,* 819 F.2d 144, 145 (6th Cir.1987) (numerous citations omitted).

In this case, plaintiff's complaint alleges a number of procedural deficiencies in the lien. Plaintiff has set forth no claims going to the amount or accuracy of the tax liability. I conclude therefore, that this Court has jurisdiction over the complaint pursuant to the Sixth Circuit's construction of 28 U.S.C. § 2410.

Section 2410(b) establishes pleading requirements with which plaintiff must comply in order to effectuate a proper waiver of the United States' immunity. Plaintiff must: 1) "set forth with particularity the nature of the interest or lien of the United States;" 2) "include the name and address of the taxpayer whose liability created the lien;" and 3) "if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." 28 U.S.C. § 2410(b).

Plaintiff's complaint states that the "United States of America, by and through the Internal Revenue Service, has levied against the Plaintiff's wages" and "claims a lien against all property belonging to or in which the Plaintiff has any interest." Complaint ¶¶ 2 & 3. In my opinion, this statement does not satisfy the particularity requirement of section 2410(b). Plaintiff has not stated whether the lien arises from taxes past due, from an assessment of interest due on late payments, from an assessment of interest owed on overpayments, etc. Even if plaintiff had complied with this requirement, plaintiff's pleading would still be deficient because plaintiff did not include the taxpayer's address.

Because plaintiff has failed to satisfy the pleading requirements set forth in 28 U.S.C. § 2410, I dismiss plaintiff's complaint, pursuant to Rule 12(b)(6), for failure to state a claim for which relief can be granted under law.