**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KAREN DAHN and DAVID L.
DAHN, dba KAREN'S AUTO
UPHOLSTERY AND GLASS,

        Plaintiffs-Appellants,
    and

CLAIMS, INC.,

        Plaintiff,

v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,
MAUREEN AMES, KEITH FINLEY,
LODGING RUSTLER, NUPETCO
ASSOCIATES and NEUMAN C.
PETTY,

        Defendants-Appellees.

No. 96-4183

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 93-CV-953W, 95-C-1120B, and 96-C-24C)

---

Submitted on the briefs:

Karen Dahn, pro se; David Dahn, pro se.

Bruce R. Ellisen and Curtis C. Pett, Attorneys, Tax Division, Department of
Justice, Washington, D.C. for Defendant-Appellee United States of America.

Before ANDERSON, BARRETT and MURPHY, Circuit Judges.

ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal encompasses three of four cases consolidated in district court. The first, 93-C-953W, is a quiet title action under 28 U.S.C. § 2410, in which plaintiff Karen Dahn initially objected to enforcement of a tax penalty against her property, but later sought to substitute a claim for its wrongful encumbrance and sale for tax liabilities of her husband, Roy Dahn. In the second, 95-C-1120B, plaintiff David Dahn invoked several remedial sources in challenging the seizure of his property to pay tax debts of Roy and Karen Dahn, his parents. The third, 96-C-24C, began as a state action by David to quiet title to property involved in 95-C-1120B, but was removed by the United States pursuant to 28 U.S.C. § 1446. The district court dismissed Karen Dahn's claim for failure to allege the statutory requisites for a quiet title action. As for David Dahn, the court held the wrongful levy statute, 26 U.S.C. § 7426, was his exclusive remedy and dismissed his claims

as untimely under 26 U.S.C. § 6532(c) (prescribing nine-month limitations period for § 7426 action). On plaintiffs' joint appeal, we affirm.

## I

Section 2410(a) expressly authorizes quiet title actions affecting property on which the United States has a lien *only* "[u]nder the conditions prescribed in this section," which include the following mandatory pleading requirements:

> The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.

28 U.S.C. § 2410(b). A noncomplying complaint does not invoke the statutory waiver of sovereign immunity and, consequently, cannot state a claim upon which relief could be granted. See Clark v. United States, 760 F. Supp. 664, 665 (W. D. Mich. 1991) (dismissing quiet title complaint for noncompliance with § 2410(b)); City Bank v. Eagleston, 110 F. Supp. 429, 430 (D. Alaska 1953) (same); United States v. Rotzinger, Nos. 94-2284, -2285, 1995 WL 64688, at **2 (7th Cir. Feb. 14, 1995) (same).

Karen Dahn's original complaint failed to satisfy the conditions prescribed in § 2410(b), as she has conceded. See Opening Br. of the Appellant at 16-17; Reply Br. of the Appellant at 3. However, in response to the government's

motion to dismiss, she attempted to amend her complaint, and it is the adverse treatment of that effort with which she now takes issue. We review for an abuse of discretion. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992).

The district court did not peremptorily preclude Karen Dahn's effort to salvage her case by amendment. On the contrary, it afforded her full opportunity to correct her pleading deficiencies, but ultimately denied her motion to amend because the proffered amendment was still insufficient under § 2410(b). See Appellants' App. at 24-25, 27. We agree with the district court's assessment of the amended complaint, and affirm its denial of the attendant motion,[1] see Ketchum, 961 F.2d at 920 ("The district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.") (quotation omitted); see also Tiberi v. CIGNA Corp., 89 F.3d 1423, 1431-32 (10th Cir. 1996).

---

[1] Moreover, the amended complaint asserts a distinctly different claim, objecting not to liens arising from Karen's own tax liabilities, but to collection efforts resulting in the sale of her property for her husband's tax debts. A quiet title claim in this regard, first made when any liens involved no longer existed, was barred ab initio. See, e.g., Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1992); MacElvain v. United States, 867 F. Supp. 996, 1002 (M.D. Ala. 1994). Denial of amendment was, thus, proper for this reason as well. See Moore v. Baker, 989 F.2d 1129, 1131-32 (11th Cir. 1993) (affirming denial of motion to add untimely claim which, arising out of separate matter, did not relate back to the original filing date under Fed. R. Civ. P. 15(c)). Further, to the extent the proposed amendment was directed at the seizure and sale, rather than encumbrance, of the property, it was really a wrongful levy claim subject to dismissal for reasons discussed in connection with David Dahn's appeal.

Karen Dahn appears also to be objecting that she was not given another, *unrequested* opportunity to correct her defective pleadings after the district court found her amended complaint wanting. However, by that point in the proceeding, the district court had properly (1) rejected her original complaint, (2) denied her motion to amend, and (3) dismissed the action on defendants' motion. If she desired yet another chance, post-judgment, to save/resurrect her cause of action by amendment, it was incumbent upon her to seek leave from the district court to make the attempt. Instead, she elected to appeal the case as it stood. She cannot now complain of a non-ruling with respect to an amendment she did not give the court a chance to consider. As explained under somewhat similar circumstances in Glenn v. First National Bank, 868 F.2d 368, 371 (10th Cir. 1989):

> Under the facts of this case, we hold that Appellant did not move the court for leave to amend the complaint [following dismissal for failure to state a claim] and therefore the district judge committed no error in not ruling thereon. . . . After a motion to dismiss has been granted, plaintiffs must first reopen the case pursuant to a motion under [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) and then file a motion under Rule 15, and properly apply to the court for leave to amend by means of a motion which in turn complies with [Fed. R. Civ. P.] 7. . . . Appellants availed themselves of none of their legal options. Appellants' failures are well beyond "mere technicalities" and this court will not protect them from their own inaction.

See also Nulf v. International Paper Co., 656 F.2d 553, 563 (10th Cir. 1981) (rejecting appellate argument based on amendment never sought in district court, noting "[a] trial court cannot be expected to read litigants' minds").

## II

Plaintiff David Dahn challenges the dismissal of his pleadings as untimely under § 6532. This statutory time-bar qualifies a waiver of sovereign immunity and, thus, constitutes a limitation on subject matter jurisdiction. See Dieckmann v. United States, 550 F.2d 622, 623 (10th Cir. 1977); see also United States v. Dalm, 494 U.S. 596, 608 (1990). Accordingly, our review is de novo. See Franklin v. United States, 992 F.2d 1492, 1495 (10th Cir. 1993).

Under § 6532(c)(1), a person subject to a wrongful tax levy has nine months "from the date of the levy" to seek judicial relief pursuant to § 7426. By David Dahn's own allegation, the property involved herein was overtly seized years before he filed suit. However, he now contends that the limitations period commences only with the service of a notice of levy, that he did not receive such notice, and, therefore, that his action cannot be untimely, regardless of the delay between seizure and suit. The government states, without contradiction from David Dahn, that this argument--entailing both legal and factual questions--was not advanced in district court. Nor have we have found any trace of it in the record. Under the circumstances, we deem the contention waived. See generally Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232-33 (10th Cir. 1997) (discussing waiver of issues not presented to and considered by district court); Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1540 n.3

(10th Cir.) (discussing waiver of issues unsupported by reference "to where in the record the issue was raised and ruled upon," quoting 10th Cir. R. 28.2(b)), cert. denied, 117 S. Ct. 297 (1996).  Accordingly, without implying any general view with respect to commencement of the limitations period in § 6532, cf. Winebrenner v. United States, 924 F.2d 851, 856 (9th Cir. 1991) (noting but not resolving issue whether service of notice of levy on owner was necessary to commence § 6532 limitations period), we shall not disturb the district court's determination that this wrongful levy action was time-barred.

As noted at the outset, David Dahn invoked several other remedial sources for his claim against the government.  For the reasons that follow, we reject this attempt to circumvent the § 7426/§ 6532 time-bar through multiplicious pleading.

After enactment of § 7426, the circuits held it was the exclusive remedy for a third party seeking redress against the IRS for levying on his property to satisfy the tax liability of another.  See, e.g., Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991); Kirk v. United States, No. 91-2697, 1992 WL 90560 at **1 (4th Cir. Apr. 30, 1992); United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 738-39 (5th Cir. 1980); Rosenblum v. United States, 549 F.2d 1140, 1144-45 (8th Cir. 1977); Winebrenner, 924 F.2d at 854-55; Trust Co. v. United States, 735 F.2d 447, 448 (11th Cir. 1984).  This rule effectuated Congress' judgment "that a short nine-month limitations period is desirable for

disputes involving tax levies because the government needs to know sooner rather than later whether it must look to other assets of the taxpayer to satisfy the taxpayer's liability." Fidelity & Deposit Co. v. City of Adelanto, 87 F.3d 334, 337 (9th Cir. 1996); see United Sand & Gravel, 624 F.2d at 738 ("intent of Congress to set a short time limit for wrongful levy actions will be completely undercut" if alternate remedy allowed).

David Dahn argues, however, that the Supreme Court's recent decision in United States v. Williams, 514 U.S. 527 (1995), requires abandonment of the § 7426 exclusivity rule. In Williams, the ex-wife of a delinquent taxpayer paid his tax debt under protest in order to remove several IRS liens impeding her imminent sale of the encumbered property. She then filed suit for a tax refund under 28 U.S.C. § 1346(a)(1). The government contended she could not invoke § 1346, because she was not the "taxpayer," who alone could seek a refund under a prevailing construction of the statute. See, e.g., Dieckmann, 550 F.2d at 624; Snodgrass v. United States, 834 F.2d 537, 539 & nn.2, 3 (5th Cir. 1987) (citing cases). The Court rejected this view, holding that "[i]n placing a lien on her home and then accepting her tax payment under protest, the Government surely subjected Williams to a tax" for purposes of 26 U.S.C. § 7701(a)(14) (defining "taxpayer" as "any person subject to any internal revenue tax"). Williams, 514 U.S. at 535.

We are not persuaded <u>Williams</u> is apposite here, for two reasons.  First, there were no tax levies involved in that case.  Thus, the Court was concerned solely with the reach of § 1346 per se; the exclusivity of a concurrent § 7426 claim was never in issue.  Indeed, the Court specifically emphasized the inapplicability of § 7426 (or any other meaningful remedy) to reinforce its broad reading of § 1346.  See <u>Williams</u>, 514 U.S. at 536.  There is no indication that the Court intended to reach beyond the confines of the case before it and overturn, sub silentio, the separate and well-established principle that § 7426 provides the exclusive remedy for a wrongful levy.[2]

Second, and in any event, David Dahn clearly does not fall within the exceptional category exemplified by the plaintiff in <u>Williams</u>.  He did not deliberately and affirmatively proffer payment for the tax liabilities of his parents to obtain the prompt release of property encumbered therefor; he was simply a passive, collateral subject of IRS collection activities.  If <u>Williams</u> were

---

[2]  Initial confusion on this point in <u>WWSM Investors v. United States</u>, 64 F.3d 456, 458-59 (9th Cir. 1995) (relying on <u>Williams</u> to allow third party whose bank accounts were levied on to seek refund under § 1346), <u>see id.</u> at 459-60 (Brunetti, J., dissenting), has subsequently forced the Ninth Circuit into adopting the untenable position that the exclusivity of § 7426 for true levy cases, which it struggles to preserve in some form, is simply a matter of (in)artful pleading--the plaintiff who includes § 1346(a)(1) in her litany of remedial sources may attack a levy after the time for challenge under § 7426/§ 6532 has expired, while the plaintiff who omits the citation is barred.  See <u>Fidelity & Deposit Co.</u>, 87 F.3d at 337-39.

applicable to this case, anyone claiming financial losses tied to the collection of someone else's taxes could arguably be a "taxpayer" entitled to seek a "refund"--perhaps long after the remedy specifically devised for the situation by Congress had expired. We decline to extend Williams in this imprudent and implausible manner.

David Dahn also invoked, in general terms, two constitutional provisions in his complaint. He alleged that, as a procedural matter, the seizure and sale of his property was conducted in violation of due process prescriptions and, as a substantive matter, the loss of his property constituted an uncompensated taking in violation of the Fifth Amendment. Neither of these allegations supplies an alternative basis for jurisdiction in this case.

The direct, constitutional remedy recognized in Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-98 (1971), is inapplicable here. The United States and its agencies are not subject to suit under Bivens. See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Hartje v. FTC, 106 F.3d 1406, 1408 (8th Cir. 1997). Indeed, we have held that, in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to Bivens actions. See National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1247-48 (10th Cir. 1989); accord Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990).

The United States has assented to suit for constitutional claims through the Tucker Act, 28 U.S.C. § 1491 (exclusive jurisdiction in Court of Federal Claims), and Little Tucker Act § 1346(a)(2) (concurrent jurisdiction in district court for cases not exceeding $10,000), but this waiver of sovereign immunity does not avail David Dahn, for several reasons. First of all, as this remedy is statutory, it would appear that the exclusivity of § 7426 should control here as well. Indeed, Tucker Act case law specifically holds that the Act's remedy is not available when the challenged action was taken under statutory authority "evidenc[ing] a congressional intent to withdraw[] the Tucker Act grant of jurisdiction." Clouser v. Espy, 42 F.3d 1522, 1539 (9th Cir. 1994) (quoting Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1017 (1984) (further quotation omitted)). Thus, the § 7426 exclusivity rule, and the broad congressional intent it effectuates, would seem to have a particular force in this context. We note, though, that the circuit decisions on § 7426 cited above do not address this specific issue, while the United States Claims Court (now Court of Federal Claims) has held that a constitutional claim arising from a wrongful levy may be asserted under the Tucker Act independent of the tax code remedy. See Gordon v. United States, 649 F.2d 837, 838-43 (Cl. Ct. 1981). Even assuming this to be the case, however, there are additional jurisdictional impediments to each of his constitutional claims which David Dahn cannot surmount.

Because the Tucker Act is solely remedial and, thus, creates no substantive right to damages, it provides jurisdiction only for claims resting on constitutional provisions that "can fairly be interpreted as mandating compensation by the Federal Government." United States v. Testan, 424 U.S. 392, 400 (1976) (quotation omitted). As "[t]he Due Process Clause simply cannot be read to mandate money damages be paid," "it is well settled that there is no Tucker Act jurisdiction over a claim founded [thereon]." Radin v. United States, 699 F.2d 681, 685 n.8 (4th Cir. 1983) (quotation omitted); see Chabal v. Reagan, 822 F.2d 349, 356 (3d Cir. 1987) (citing cases).

In contrast, the Fifth Amendment takings clause includes an express directive for governmental recompense. Thus, "[g]enerally, an individual claiming that the United States has taken his property can seek just compensation under the Tucker [or Little Tucker] Act." Ruckelshaus, 467 U.S. at 1016; see Student Loan Mktg. Ass'n v. Riley, 104 F.3d 397, 401 (D.C. Cir. 1997), petition for cert. filed, 65 U.S.L.W. 3827 (U.S. June 9, 1997) (No. 96-1948). However, the same authority recognizing a takings claim under the Tucker Act as a viable alternative remedy to § 7426 for a wrongful levy, the Claims Court decision in Gordon discussed above, also establishes that the Act's jurisdictional grant is qualified in this context by precisely the same nine-month statute of limitations, § 6532(c)(1). See Gordon, 649 F.2d at 843-45. Thus, our holding that David

-12-

Dahn's wrongful levy claim is time-barred would necessarily preclude any takings claim under the Tucker Act.[3]

Finally, David Dahn insists that the district court should have remanded his removed action back to state court at the conclusion of the proceedings. As all of the federal claims had been dismissed for lack of jurisdiction, it was within the discretion of the district court to dismiss without prejudice, rather than remand, whatever state causes of action were implicated in the pleadings. See generally Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348-53, 356-57 (1988).

---

[3] It also appears that David Dahn's claim, involving two Salt Lake County lots, an aircraft, several vehicles, construction equipment, building materials, and other substantial items of personal property, must exceed the $10,000 ceiling for Little Tucker Act jurisdiction in district court. Dismissal evidently would have been proper for this reason as well. See, e.g., Gunn v. United States Dep't of Agric., 118 F.3d 1233, 1239-40 (8th Cir. 1997); Board of Governors of the Fed. Reserve Sys. v. DLA Fin. Corp., 29 F.3d 993, 999 (5th Cir. 1994).

Dahn has not demonstrated that the court's decision was an abuse of its discretion.

The judgment of the United States District Court for the District of Utah is AFFIRMED.