**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDREW LEO LOPEZ, individually
and d/b/a Andrew Leo Lopez CPA,

      Plaintiff-Appellant,

v.

MICHELLE GARCIA, individually
f/d/b/a Waves Hair Studio Director
Stockholder and Employee of
Waves Incorporated; WAVES
INCORPORATED, a New Mexico
corporation; CHERI L. ORTEGA;
JANE DOE; EDWARD W.
SHEPHERD; HATCH, ALLEN &
SHEPHERD; E. MAINE SHAFER;
DANIEL CARR; JOHN STEWART;
STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendants-Appellees.

No. 97-2245
(D.C. No. CIV-96-1679-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Andrew Leo Lopez appeals the dismissal of his case by the district court under Fed R. Civ. P. 12(b)(6). The parties to this case are familiar with its facts and procedural history, and we will not repeat them here. We review the district court's dismissal under Rule 12(b)(6) de novo, see Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997), and will

> uphold a dismissal . . . only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff,

Yoder v. Honeywell Inc., 104 F.3d 1215, 1224 (10th Cir.) (quotation omitted), cert. denied, 118 S. Ct. 55 (1997).

On appeal, plaintiff urges remand so that he can amend his complaint. Plaintiff, however, failed to request permission to amend from the district court, and we will not grant that privilege for the first time on appeal. See Dahn v. United States, 127 F.3d 1249, 1252 (10th Cir. 1997) (noting that the amendment

of a complaint is a procedure to be addressed in the first instance by the district court). Plaintiff's pro se status does not relieve him of the obligation to comply with procedural rules. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiff also contends that the district court granted defendants summary judgment without notice to him. The district court, however, did not grant summary judgment; it instead dismissed plaintiff's complaint for failure to state a claim under Rule 12(b)(6). Plaintiff's arguments based on his belief that summary judgment was granted are meritless.

The final argument which we address individually is plaintiff's contention that the district court erred in not considering his surreplies. Whether to allow surreplies lies in the sound discretion of the district courts. See Fed. R. Civ. P. 7(a). Plaintiff has failed to demonstrate any abuse of discretion in the district court's decision.

The remainder of the issues raised by plaintiff in his brief are without merit, and we affirm the judgment of the district court for substantially the reasons set forth in its order filed June 27, 1997.

The Garcia appellees have requested costs on appeal to which they are entitled pursuant to Fed. R. App. P. 39.  Upon compliance with Rule 39, such costs shall be taxed against plaintiff.  Plaintiff's motion to strike defendants' pleadings is DENIED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge