F I L E D
United States Court of Appeals
Tenth Circuit

AUG 10 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN M. GASSAWAY,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
sued as Department of the Treasury, ex
rel.; INTERNAL REVENUE
SERVICE; LINDA STEVENS, agent
for the Internal Revenue Service,

        Defendants-Appellees.

No. 98-6316
(D.C. No. 94-CV-1845-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant John M. Gassaway appeals the district court's entry of summary judgment in favor of defendants, the United States of America, Department of the Treasury, Internal Revenue Service (IRS), and IRS Revenue Officer Linda Stevens.  Our review is de novo and targeted at determining whether there are any genuine issues as to any material fact and whether the moving party is entitled to judgment as a matter of law.  See Kaul v. Stephan , 83 F.3d 1208, 1212 (10th Cir. 1996).  In conducting this review, we examine the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, making all reasonable inferences in favor of the party opposing summary judgment.  See id.

Gassaway claims that, for defendants' allegedly illegal efforts to collect his delinquent tax liabilities, he is entitled to damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics , 403 U.S. 388 (1971) and 12 U.S.C. § 3417(a) of the Right to Financial Privacy Act (RFPA).  In a detailed and thoughtful order, the district court analyzed the parties' submissions and concluded that neither of Gassaway's claims could survive defendants' summary judgment motion.

"The United States and its agencies are not subject to suit under *Bivens*." Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997). Moreover, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to Bivens actions. Id. (citing National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1247-48 (10th Cir. 1989); accord Fishburn v. Brown, 125 F.3d 979, 982-83 (6th Cir. 1997); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990). The district court properly determined that Gassaway's Bivens claim is not cognizable under the law.

We also agree with the district court's disposition of the RFPA claim. The RFPA "prohibits a financial institution from disclosing a customer's financial records . . . to a governmental authority 'unless either the customer authorizes the disclosure of such information or the government obtains a valid subpoena or warrant.'" Neece v. IRS, 96 F.3d 460, 462 (10th Cir. 1996) (quoting United States v. Frazin, 780 F.2d 1461, 1465 (9th Cir. 1986)). Under the undisputed facts of this case, officers of Gassoway's financial institution disclosed information to defendants only after proper service of a third-party summons, issued under the procedures of 26 U.S.C. § 7609. [2]

---

[2] To the extent Gassaway's argument is that the summons was based on information illegally disclosed to the FBI, the claim remains insufficient. First,

(continued...)

For substantially the same reasons stated by the district court in its order of June 30, 1998, we AFFIRM.

Entered for the Court

John C. Porfilio
Circuit Judge

---

2(...continued)
he has sued the wrong defendants. Second, the information allegedly provided to the FBI falls within the RFPA's exception for the notification of a governmental authority about "information that may be relevant to a possible criminal violation." Neece, 96 F.3d at 462.