Orville MACKLIN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 01–CV–548.

United States District Court, E.D. Wisconsin.

Dec. 11, 2002.

Robert L. Elliott, Milwaukee, for Plaintiffs.

Steven M. Biskupic, United States Department of Justice, Office of the U.S. Attorney, Milwaukee, Mary E. Bielefeld, United States Department of Justice, Tax Division, Ben Franklin Station, Washington, DC, for Defendants.

## DECISION AND ORDER

RANDA, Chief Judge.

Orville Macklin owns three contiguous parcels of property in Franklin, Wisconsin, Milwaukee County: 9824 W. St. Martins Road, 9745 W. Loomis Road and 9821 W. Loomis Road. On December 15, 2000, the defendant, through the Internal Revenue Service (IRS), filed and recorded three nominee liens against each parcel. According to the liens, Macklin was holding each parcel for the benefit of Gerald Macklin, Randy Greil, and Jan–9821, Inc. T/A "Illusions" (the "Taxpayers"). Macklin's complaint alleges four claims for relief: A quiet title action under 28 U.S.C. § 2410, economic damages under 26 U.S.C. § 7432, attorneys fees and costs under Wis. Stat. § 814.025 and 28 U.S.C. § 2412(b), and damages for "slander of title" under Wis. Stat. § 706.13.[1]

---

1. As the Court observed in its September 4, 2002 Decision and Order, jurisdiction over

The government has moved to dismiss and, alternatively, for judgment on the pleadings.[2] The government's motion is granted and this matter is dismissed in its entirety.

## I. Quiet Title Under § 2410

■■■ § 2410(a)(1) provides: "... the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." This provision is not jurisdictional but merely waives the government's sovereign immunity. However, for the waiver to be effective, plaintiffs must strictly comply with § 2410(b), which provides:

> The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.

These requirements are strictly enforced; the United States, as sovereign, consents to be sued only when the conditions set forth in § 2410(b) are met: "A noncomplying complaint does not invoke the statutory waiver of sovereign immunity and, consequently, cannot state a claim upon which relief could be granted." *Dahn v. United States*, 127 F.3d 1249, 1251 (10th Cir.1997). The government, in its motion to dismiss, argues that Macklin's complaint is deficient in several respects, and indeed it is. First, the Complaint[3] states that the names and addresses of the taxpayer whose liability created the nominee liens with regard to Randy Griel and Jan–9821 Inc. are "unknown and unobtainable by the Plaintiff." ¶¶ 11–12. The Complaint also fails to state whether a notice of tax lien was filed regarding one taxpayer and fails to state when the notices of tax lien were filed.

In response to the motion to dismiss, Macklin suggests that the names and addresses are not listed because he simply does not know them. Given that the waiver of sovereign immunity is to be strictly construed, the Court is not convinced that this excuses noncompliance with § 2410(b). It is Macklin's *affirmative duty* to discover these names and addresses. Furthermore, Macklin's arguments demonstrate that he knows (or could know) the addresses but he does not want to reveal them. *See* Brief in Opposition, pp. 2–3 ("The Affidavits of Randy Greil and Janice Greil

---

this matter is grounded in 28 U.S.C. § 1340. *See Macklin v. United States*, 300 F.3d 814, 820 (7th Cir.2002) (§ 1340 is "a statute conferring original jurisdiction on the district courts in any action arising under the internal revenue laws of the United States," and "Federal law, specifically provisions of the federal Internal Revenue Code and its accompanying regulations, dictates the form and content of a federal tax lien").

2.   As the pleadings have been closed, this motion is properly considered one for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c).

However, the standard of review is substantively identical to a motion to dismiss for failure to state a claim. *See* MOORE'S FED. PRACTICE 3D, § 12.38 ("... any distinction between them is merely semantic because the same standard applies to motions made under either subsection"). Accordingly, the Court cannot look outside the pleadings and must accept as true the allegations in Macklin's complaint.

3.   The Court here refers to Macklin's December 20, 2001 Amended Complaint.

were obtained, at their request, through their attorney, Attorney Michael P. Stupar, and the friend of Randy Greil, Gerald Macklin rather than through personal contact *because of their concern that personal contact would lead to further harassment of such witnesses by the Defendant* ") (emphasis added). Once again, this does not excuse noncompliance with the provisions of § 2410(b).

The Court considered granting Macklin leave to file an amended complaint to correct its deficiencies. *See Cipriano v. Tocco*, 757 F.Supp. 1484, 1495 (E.D.Mich.1991) (when plaintiff fails to satisfy pleading requirements of § 2410(b), "the appropriate remedy is to grant the plaintiffs leave to amend the complaint"). However, Macklin has had plenty of time to satisfy § 2410(b). Furthermore, it appears obvious that Macklin will not correct these deficiencies, even if given the opportunity, because *Macklin did not move for leave to amend his complaint in response to the government's motion to dismiss. See Macklin*, 300 F.3d at 821 n. 7 (" ... the Government noted this deficiency in its motion to dismiss; yet, Mr. Macklin *has never taken any action to amend the deficiencies in his pleadings.* We note that this deficiency, standing alone, would support the dismissal of his action against the United States") (emphasis added) (citing *Dahn*, 127 F.3d at 1251).[4]

Accordingly, Macklin's quiet title action under § 2410 is dismissed, and Macklin shall not be granted leave to file an amended complaint.

## II. Damages Under § 7432

■ § 7432(a) provides: "**In general.—** If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 *on property of the taxpayer, such taxpayer* may bring a civil action for damages against the United States in a district court of the United States" (emphasis added). By filing a "nominee lien" against Orville Macklin's property, the IRS seeks to recover tax debts from *the Taxpayers* under the theory that they have "engaged in a sort of legal fiction, for tax purposes, by placing legal title to property in the hands of another [Orville Macklin] while, in actuality, retaining all or some of the benefits of being the true owners." *Richards v. United States*, 231 B.R. 571, 578 (E.D.Pa.1999). Accordingly, Macklin is not the "taxpayer" for purposes of § 7432; he is a "nominee" of the taxpayers. As such, Macklin's only remedy is for "wrongful levy" under 26 U.S.C. § 7426, which provides "the exclusive remedy for an innocent party whose property is confiscated by the IRS to satisfy another person's tax liability." *Texas Commerce Bank–Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir.1990); *see also* Ridgeley A. Scott, *Suing the IRS and its Employees for Damages: David and Goliath*, 20 S. Ill. U.L.J. 507, 539 (1996) (under § 7432, the "only person who can sue is the taxpayer. *The statute does not apply to the claim of a person whose property is subjected to a lien for the tax of another person* " (emphasis added)).

In sum, Macklin cannot maintain an action for damages under § 7432, and his claim must be dismissed.

## III. Claim for Attorneys Fees, Wis. Stat. § 814.025 and 28 U.S.C. § 2412(b)

## IV. Slander of Title Under Wis. Stat. § 706.13

■ Monetary relief may not be awarded against the United States unless

---

4. Furthermore, Macklin does not even attempt to explain the other deficiencies in his complaint (*i.e.*, when the tax lien notices were filed).

it has waived its sovereign immunity. *See Department of Army v. Blue Fox, Inc.,* 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999). Macklin argues that § 2412(b) waives the government's sovereign immunity with regard to attorneys fees and costs: "a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States …" But § 2412(e) excepts proceedings under the Internal Revenue Code, 26 U.S.C. § 7430. In any event, Macklin obviously does not qualify as a "prevailing party" under § 2412(b). Furthermore, Wis. Stats. §§ 814.025 and 706.13 by their terms do not waive the government's immunity from suit. Indeed, the slander of title claim is properly considered a tort claim, and the "Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.,* requires the exhaustion of administrative remedies prior to suing the federal government in tort." *Frey v. EPA,* 270 F.3d 1129, 1136 (7th Cir.2001).[5]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The United States' motion for judgment on the pleadings is **GRANTED**; and

2. This case is **DISMISSED** in its entirety.

**SO ORDERED,**

---

**5.** It appears, however, that such a claim would be excepted from the provisions of the FTCA. *See* 28 U.S.C. § 2680(c). Such a conclusion only reinforces the fact that the government has not waived its sovereign immunity.