**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAYMOND R. MILLER; JO ANNA
MILLER,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 19-3286
(D.C. No. 2:18-CV-02668-DDC-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Husband-and-wife Raymond R. Miller and Jo Anna Miller (Millers), appearing

pro se, appeal from the district court's order granting the government's motion to

substitute the United States as the sole defendant in their suit for tax refunds,

damages, and injunctive relief.  Following the order granting the motion to substitute,

the government filed a motion to dismiss, which was granted.  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

The Millers filed suit against three employees of the Internal Revenue Service (IRS) and "3 or 4 John Does." R. at 6. Although nominally described as "a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)," R. at 6, the suit was, in fact, a challenge to the IRS's assessment and collection of federal income taxes and a request to enjoin any such actions in the future.[1] As such, the government moved to substitute the United States as the sole defendant because "these remedies can only be sought against the United States." *Id.* at 35. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (per curiam) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.").[2] The Millers did not respond to the motion, which the district court granted.

---

[1] We note that the Millers could not maintain a cause of action against the individual IRS employees in their individual capacities under *Bivens*. *See Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) ("[I]n light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are . . . not subject to *Bivens* actions.").

[2] As further support for its argument that the United States was the sole proper defendant, the government cited 26 U.S.C. § 7422(f)(1), which provides that "[a] suit or proceeding [for a tax refund] may be maintained only against the United States and not against any officer or employee of the United States," and 26 U.S.C. § 7433(a), which provides that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee . . . disregards any provision of [the Internal Revenue Code] such taxpayer may bring a civil action for damages against the United States."

2

After the district court granted the motion to substitute, the government moved to dismiss the Millers' complaint. The district court granted the motion to dismiss.

On appeal, the Millers do not challenge the district court's order dismissing their complaint; indeed, they concede that their "case was dead on arrival of the substitution." Aplt. Opening Br. at 9. Instead, they maintain that the court's "order [to substitute] was granted before [they] could be noticed and object to the Motion." *Id.* This argument is without merit. The record establishes that the government filed and served its motion on March 11, 2019. Under the court's local rules, a response was due fourteen days later, and the district court did not grant the motion until after that time expired. The Millers waited until May to object, which was several weeks after the court had granted the motion to substitute and after the government had filed its motion to dismiss.[3]

More to the point, the Millers' argument on appeal is not based on the grounds on which the motion to substitute was decided; rather, they maintain that they did not "stand a chance once the almighty United States of America was substituted for the men who have done and are still doing [them] harm." *Id.* at 10.[4] Because the Millers

---

[3] In their untimely filing, the Millers objected on the grounds that "the United States does not exist." R. at 189.

[4] The Millers mention Fed. R. Civ. P. 25(a), which governs the procedure for substitution of parties in the event of death, and go on to suggest that because none of the named IRS employees or the unnamed John Does had died, the substitution was improper. This frivolous argument ignores the fact that although there is a specific procedure to follow for the substitution of parties in the event of death, a substitution of parties is not foreclosed for other reasons.

have failed to address the grounds for the order as required under Federal Rule of Appellate Procedure 28(a)(8)(A), they have waived an appellate challenge to the ruling. "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation and internal quotation marks omitted). Where, as here, issues "are not adequately briefed," they "will be deemed waived." *Id.* at 841 (internal quotation marks omitted).

The judgment of the district court is affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge

4