**Robert SCOTT and Linda Casoria–Scott, Appellants**

v.

**UNITED STATES of America, Appellee.**

No. 07–5310.

United States Court of Appeals, District of Columbia Circuit.

April 25, 2008.

BEFORE: HENDERSON, ROGERS, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellants. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that this case be remanded for reconsideration in light of *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The district court dismissed the appellants' case *sua sponte* for failure to allege exhaustion in their complaint, relying on 26 U.S.C. § 7433(d)(1). However, considering a provision similar to the one at issue here, the Supreme Court held in *Jones* that "failure to exhaust is an affirmative defense" and that litigants "are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921. Moreover, while this court has held that the district court may dismiss a complaint *sua sponte* for failure to state a claim if it is "patently obvious" that the plaintiff cannot prevail, *see Baker v. Director, United States Parole Commission*, 916 F.2d 725, 727 (D.C.Cir.1990) (per curiam), this rule does not create a pleading requirement where one does not otherwise exist, and it is not patently obvious that the appellants failed to exhaust their administrative remedies. We therefore remand the case for reconsideration of the *sua sponte* dismissal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.