**Michael R. MARSOUN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civil Action No. 07–2078 (JDB).**

United States District Court,
District of Columbia.

Dec. 23, 2008.

Michael R. Marsoun, Kealakekua, HI, pro se.

Duston K. Barton, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION

JOHN D. BATES, District Judge.

Plaintiff Michael Marsoun alleges that the Internal Revenue Service ("IRS") has acted in disregard of federal tax law and regulations in connection with the collection of taxes for tax years 1990 through 2003. He seeks damages against defendant United States pursuant to 26 U.S.C. § 7433 and the U.S. Constitution. Presently pending before the Court is defendant's motion to dismiss the amended complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court concludes that plaintiff has failed to state a claim upon which relief can be granted and, therefore, will dismiss this case pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with collection activity. The provision authorizing this cause of action states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

Section 7433(d)(1), however, limits such actions, by providing that "[a] judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). In accordance with this provision, the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officers or employees have disregarded provisions of the tax code in their collection activities. See 26 C.F.R. § 301.7433–1. Specifically, these regulations require that, prior to bringing suit in court, an aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further require that the claim must include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

> (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433–1(e). If such a claim is filed and the IRS has either issued a

decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a). *See* 26 C.F.R. § 301.7433–1(d)(1). The regulations also allow the taxpayer to file suit immediately after the administrative claim is submitted if the administrative submission occurs during the last six months of the two-year limitations period. 26 C.F.R. § 301.7433–1(d)(2).

Plaintiff alleges that the United States, through the IRS and its employees, has unlawfully taken the position that he owes taxes for the period 1990 to 2003, and has disregarded the provisions of the Internal Revenue Code and its regulations in the course of pursuing collection activities against him. Am. Compl. at 5–25. Plaintiff enumerates 27 "counts" of alleged IRS misconduct, reciting a litany of Internal Revenue Code provisions and regulations, and attaching a 50–paragraph statement of facts in support thereof recounting his lengthy correspondence with the IRS for the tax years at issue. His allegations against the IRS fall into the following categories: (1) failure to produce documents demonstrating that he is liable for taxes; (2) failure to provide notice of a requirement to keep records, make statements, or file tax returns; (3) failure to prepare or execute substitute tax returns on his behalf, and disclose such returns to him; (4) failure to lawfully make or record proper assessments of taxes against him; (5) failure to provide notices, hearings and supervisory approval concerning any tax deficiencies; (6) improper use of his social security number; (7) unlawful attempts to collect taxes through improper notices of liens and levies issued without proper procedures; and (8) conducting a campaign of harassment against him. *Id.* Plaintiff seeks an award of damages for violations of the Internal Revenue Code pursuant to 26 U.S.C. § 7433.[1] *Id.* at 25–26. He also seeks an award damages for violation of his constitutional right to due process, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

### STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C.Cir.1979). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C.Cir.2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. *Trudeau v. Federal Trade Comm'n*, 456 F.3d 178, 193 (D.C.Cir.2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

---

**1.** Plaintiff asks the Court to conduct judicial review of the IRS actions under the Administrative Procedure Act, the Federal Records Act, and the National Archives Act, but emphasizes that his claim for damages is not based on those statutes. *See* Am. Compl. at 3–4. Of course, damages are not available under those statutes. *See Ross v. United States*, 460 F.Supp.2d 139, 148–50 (D.D.C. 2006)

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 127 S.Ct. at 1964–65; *see also Papasan*, 478 U.S. at 286, 106 S.Ct. 2932. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S.Ct. at 1965 (citations omitted).

## DISCUSSION

### I. Damages Actions under 26 U.S.C. § 7433

■ Defendant moves to dismiss plaintiff's damages claim under 26 U.S.C. § 7433 on the ground that plaintiff has failed to exhaust his administrative remedies, characterizing this deficiency as a matter of subject matter jurisdiction. In making this request, defendant urges the Court to reconsider its prior decisions holding that the statutory exhaustion requirement is not jurisdictional, but instead is an affirmative defense. *See* Def.'s Mem.

at 3–16. This Court has twice conducted a full analysis of the argument raised by defendant—first, in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C.2006), and then in *Ross v. United States*, 460 F.Supp.2d 139 (D.D.C.2006). In both cases, the Court held that, under *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), and *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C.Cir.2004), the exhaustion requirement in section 7433 is nonjurisdictional because Congress did not rank the limitation as jurisdictional in "clear, unequivocal terms." Defendant contends that reconsideration is warranted because, after the issuance of those decisions, the Supreme Court limited *Arbaugh* and that, in any event, this Court has not fully considered whether the terms of section 7433(d) satisfy the "clear, unequivocal" standard.

The Court first considers defendant's contention that the Supreme Court has limited *Arbaugh* in *John R. Sand & Gravel Co. v. United States*, —— U.S. ——, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008). Nothing in that case, however, suggests that Arbaugh has been limited. In John R. Sand & Gravel, the Supreme Court held that the "special statute of limitations" governing the Court of Federal Claims, 28 U.S.C. § 2501, was a jurisdictional limitation that required sua sponte consideration. 128 S.Ct. at 752. The Court recognized that the law typically treats a limitations defense as an affirmative defense, but held that this "special" statute of limitations was jurisdictional based on longstanding Supreme Court precedent holding this particular limitation period jurisdictional and "basic principles of stare decisis." *Id.* at 753–56. Defendant contends, however, that the Supreme Court approved of consideration of "broad[ ] system-related goals,"

such as the need to limit a waiver of sovereign immunity, to determine whether a limitation on a cause of action is jurisdictional, and thus necessarily retreated from *Arbaugh's* focus on the text of the statute. *See* Def.'s Mem. at 5–6 (citing 128 S.Ct. at 753).

Defendant's characterization of the decision in *John R. Sand & Gravel* is incorrect. The isolated reference highlighted by defendant is not a limitation on *Arbaugh*, but instead only a basic recognition that some statutes of limitations considered in past Supreme Court decisions have been held to be jurisdictional, which the Court contrasted with an affirmative defense. 128 S.Ct. at 753. Indeed, the Supreme Court cited *Arbaugh* with approval, belying any intent to limit or overrule it. *Id.* Finally, the decision emphasized that the holding as to the Court of Federal Claims statute of limitations rested squarely on a long line of "well-settled precedent" finding that particular statute of limitations to be jurisdictional, not on any disagreement with *Arbaugh*. *Id.* at 754–57. Hence, this Court sees no basis for concluding that *John R. Sand & Gravel* has limited *Arbaugh's* holding that "when Congress does not rank a statutory limitation . . . as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 516, 126 S.Ct. 1235.

Defendant argues next that, even under the standard articulated in *Arbaugh* and the "clear, unequivocal" textual standard of *Avocados Plus*, the language of section 7433(d) plainly provides that exhaustion is jurisdictional. The Court closely examined that language in *Turner* and *Ross*, and now, considering once again the statutory language, the case law, and the legislative history, adheres to its original holding that section 7433(d) does not set forth a "clear, unequivocal" limitation on subject matter jurisdiction. The language at issue states: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). As explained in *Ross*, "the exhaustion requirement is set forth in a separate subsection of section 7433 under the heading 'Limitations,' and not in subsection (a) describing district court jurisdiction," and also is grouped with "two other limitations—a restriction on damages based on failure to mitigate and a statute of limitations—that are generally regarded as nonjurisdictional." *Ross*, 460 F.Supp.2d at 145–46.

Defendant argues that *Ross* is wrong because the phrase "the court determines" exhaustion in section 7433(d) means that the exhaustion requirement affects the power of the court—its jurisdiction—to grant relief. But Congress used the same phrase—"the court determines"—when, in 1996, it temporarily amended section 7433(d) to make exhaustion only a discretionary factor in reducing a damages award, before then reinstating exhaustion as a prerequisite to recovery of any damages in 1998. *Compare* Pub. L. 104–168, § 801, 110 Stat. 1452, 1465 (1996) ("The amount of damages . . . may be reduced if the court determines that the plaintiff has not exhausted the administrative remedies . . . .") *with* Pub. L. 105–206, § 3102, 112 Stat. 685, 730 (1998) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies . . . ."). This earlier nonjurisdictional usage of the phrase "the court determines," in combination with the placement of the exhaustion provision alongside other nonjurisdictional limitations, further supports the Court's determination that the section 7433(d) exhaustion provision is nonjurisdictional.

Moreover, exhaustion requirements have been recognized as "typically" nonjurisdictional—a characterization underscored by the Supreme Court most recently in *Jones v. Bock*, 549 U.S. 199, 212, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). *See also Avocados Plus*, 370 F.3d at 1248. Indeed, this Circuit, in an unpublished order, recently indicated that the exhaustion requirement in section 7433(d) is nonjurisdictional. *See Scott v. United States*, 275 Fed.Appx. 21 (D.C.Cir.2008) (directing district court to reconsider *sua sponte* dismissal of complaint seeking damages under section 7433 because, under *Jones v. Bock*, "failure to exhaust is an affirmative defense"). Thus, the Court continues to regard exhaustion as a mandatory, but nonjurisdictional, requirement for pursuing a claim for damages under section 7433.

■ The nonjurisdictional status of the exhaustion requirement, however, does not save plaintiff's claim. Exhaustion remains a requirement of maintaining a suit for damages under section 7433, and *Jones v. Bock* recognizes that dismissal for failure to state a claim based on nonexhaustion may be appropriate if the complaint somehow indicates that the defense is applicable. *Jones v. Bock*, 549 U.S. at 215, 127 S.Ct. 910 ("[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract"). Hence, this Circuit has observed that, "even when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face." *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438 (D.C.Cir.2007); *see also Lykens v. United States*, 523 F.Supp.2d 26, 28 (D.D.C.2007) (holding that failure to comply with exhaustion requirement under 7433(d) may be raised in Rule 12(b)(6) motion); *Romashko v. United States*, No. 05–2209, 2007 WL 2908754, at *7 (D.D.C. Sept. 30, 2007) (same). The Court therefore will consider defendant's request, in the alternative, to dismiss plaintiff's section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's response to defendant's motion to dismiss contains not even a bare contention that he has satisfied the exhaustion requirement set forth at 26 C.F.R. § 301.7433–1. This deficiency is suggested by the complaint, which catalogs a lengthy history of correspondence with various persons at the IRS and implies no attempt was made to submit an administrative complaint under 26 C.F.R. § 301.7433–1. *See* Am. Compl. Statement of Facts at ¶¶ 1–49. Plaintiff instead argues that the regulation is invalid and relies on his history of correspondence with the IRS to argue that the regulation should not be applied in this case. Pl.'s Response to Mot. to Dismiss at 8–20. Therefore, unless plaintiff can prevail on his argument that 26 C.F.R. § 301.7433–1 is invalid, his amended complaint must be dismissed for failure to exhaust administrative remedies.

Turning, then, to the validity of the exhaustion regulation, the Court considers plaintiff's arguments that the IRS lacked authority to promulgate the regulation and that the regulation is nonbinding. *See* Pl.'s Response to Mot. to Dismiss at 8–20. This Court comprehensively reviewed the validity of that regulation in *Evans v. United States*, 433 F.Supp.2d 17, 21–23 (D.D.C.2006), and held that the IRS has authority under 26 U.S.C. § 7805(a), and § 7433 itself, to promulgate the exhaustion regulation. Plaintiff has offered no reason

to revisit that holding, and it applies with equal force here.

■ Plaintiff's contention that the regulation is a "nonbinding" interpretive regulation is utterly without merit. The plain language of the statutory exhaustion requirement mandates that "the plaintiff has exhausted *the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added). The requirement to exhaust "the administrative remedies within the Internal Revenue Service" originates from the statute and is mandatory on its face. Furthermore, the regulation at issue was originally promulgated in 1992 and had been in place for six years when Congress reenacted the exhaustion requirement in 1998. *See Evans,* 433 F.Supp.2d at 22 (discussing history of the administrative exhaustion requirement). "Congress is presumed to be aware of established practices and authoritative interpretations of the coordinate branches." *United States v. Wilson,* 290 F.3d 347, 357 (D.C.Cir.2002). Hence, the requirement in section 7433(d)(1) to exhaust "the administrative remedies available to such plaintiff within the Internal Revenue Service" plainly refers to 26 C.F.R. § 301.7433–1. In the face of this history, it is absurd to call that regulation "nonbinding." Because exhaustion of administrative remedies in compliance with 26 C.F.R. § 301.7433–1 is mandatory, and plaintiff has failed to exhaust those remedies, his amended complaint will be dismissed for failure to state a claim upon which relief can be granted.[2]

## II. Damages under *Bivens*

■ Plaintiff characterizes his complaint as also seeking damages under *Bivens* for constitutional due process violations by the IRS. But a *Bivens* remedy is not available where Congress already has created a "comprehensive remedial scheme." *See Wilson v. Libby,* 535 F.3d 697, 705 (D.C.Cir.2008). Chapter 76, Subchapter B, of the Internal Revenue Code comprehensively addresses the circumstances under which taxpayers may pursue civil actions against the United States based on alleged IRS abuses. *See* 26 U.S.C. §§ 7421–36. As discussed above, § 7433 provides an action for damages where an IRS officer or employee, "in connection with any collection of Federal tax with respect to a taxpayer," recklessly or intentionally, or by reason of negligence, disregards any provision of the Internal Revenue Code or its regulations. Other remedies include a civil action for a refund of taxes under certain defined circumstances (§ 7422), a damages action for unlawful inspection or disclosure of a tax return or return information (§ 7431), and a damages action where the IRS unlawfully fails to release a lien (§ 7432). Whether these remedies are, in plaintiff's view, adequate, is of no moment, because "it is the comprehensiveness of the statutory scheme involved, not the adequacy of specific remedies extended thereunder, that counsels judicial abstention." *Wilson,* 535 F.3d at 706. Because Congress has com-

---

**2.** It also bears noting that much of plaintiff's amended complaint is based on the alleged failure of the IRS to make a lawful assessment of taxes. However, "section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax." *See Stewart v. United States,* 578 F.Supp.2d 30, 34 (D.D.C.2008); *Jaeger v.* *United States,* 524 F.Supp.2d 60, 63–64 (D.D.C.2007); *Bryant v. United States,* 527 F.Supp.2d 137, 140–41 (D.D.C.2007). Therefore, the portions of the amended complaint challenging wrongful or missing assessments and other actions not related to "collection" of taxes—Counts One through Eighteen—are dismissed on this ground as well.

prehensively addressed the availability of damages where IRS employees are alleged to have violated the Internal Revenue Code, plaintiff may not bring a damages claim under *Bivens* for such violations under the mantle of due process.

### CONCLUSION

For the foregoing reason, the Court will grant defendant's motion to dismiss plaintiff's amended complaint. A separate order has been issued on this date.