FILED
United States Court of Appeals
Tenth Circuit

July 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENT CARTER,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA, a
Federal corporation; INTERNAL
REVENUE SERVICE; MICHAEL J.
PRYOR,

        Defendants-Appellees.

No. 09-2314
(D.C. No. 6:07-CV-01264-MV-LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

Kent Carter, appearing pro se as he did in the district court, appeals from

the dismissal of his twelve-count amended complaint against the United States,

the Internal Revenue Service (IRS), and IRS agent Michael J. Pryor, for their

alleged wrongful attempts to collect taxes and penalties. Exercising jurisdiction

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291, and liberally construing Mr. Carter's pro se pleadings and other papers, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we affirm.

## I.

The parties are familiar with the facts. Mr. Carter is a disgruntled taxpayer, who is suing over the liens and levies issued by the IRS to collect his tax liabilities. Although he can no longer challenge the underlying assessments, he presses the familiar and frivolous arguments made by tax protestors over the years that he does not owe any taxes, but fails to raise any legitimate issues concerning the district court's order.

## II.

Counts one and two of Mr. Carter's amended complaint seek to quiet title to real and personal property under 28 U.S.C. § 2410. The district court dismissed these claims "for lack of subject-matter jurisdiction," R., Vol. 2 at 509, on the grounds that the United States' waiver of sovereign immunity under § 2410 does not apply to claims challenging the validity of tax assessments. "We review a district court's dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) de novo." *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). The court found, and we agree, that the gravamen of these claims is Mr. Carter's "contentions that he owed no taxes to begin with and that [Agent] Pryor failed to use proper accounting methods in assessing his tax

liability, which [is nothing more than a] collateral[] attack [on] the merits of his assessment." R., Vol. 2 at 508. Because sovereign immunity under § 2410 is waived only for quiet title actions challenging "the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the assessment," *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) (quotation omitted), the court correctly held that it lacked jurisdiction over these claims. *See also James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992) (holding that "§ 2410 does not waive sovereign immunity for claims that the taxpayer does not owe the taxes in question").

### III.

Mr. Carter's third count is under 26 U.S.C. § 7433(a), which provides for an action for damages against the United States when a federal officer knowingly or negligently disregards the tax code when collecting taxes. According to Mr. Carter, the United States is liable under § 7433, because the IRS failed to send him the notices of deficiency required by 26 U.S.C. §§ 6212(a) and 6213(a), prior to issuing its notices of levy. One limitation on an action for damages under § 7433, is the requirement that "the court determine[] that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service," *id*. (d)(1).

The district court held that Mr. Carter did not exhaust his administrative remedies, and thus failed to state a claim for relief under § 7433.[1] Alternatively, the court granted summary judgment to the United States on the merits of the claim. We are not convinced that Mr. Carter failed to exhaust his administrative remedies.[2] However, we need not decide the issue because the United States was

---

[1] The district court concluded that the exhaustion requirement in 26 U.S.C. § 7433 was non-jurisdictional. The government contends that the statute is jurisdictional. Most of the courts that have examined the issue in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), have concluded that the exhaustion requirement in § 7433 is non-jurisdictional. *See, e.g., Marsoun v. United States*, 591 F. Supp. 2d 41, 44 (D.D.C. 2008). However, we need not decide the issue because "[t]he characterization is important . . . only when the defendant has waived or forfeited the issue[.]" *McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007). To be sure, a defendant can waive or forfeit certain issues, but because § 7433(d) contains the mandatory requirement that the court determine whether the plaintiff has exhausted his administrative remedies, we need not decide the issue because there can never be a question of waiver or estoppel.

[2] In order to exhaust his administrative remedies, Mr. Carter was required to comply with 26 C.F.R. § 301.7433-1(e)(1)-(2)(i)-(v), which sets forth the manner and form for perfecting an administrative claim. The district court compared the document that Mr. Carter claimed proved exhaustion against the regulation, and found that because it lacked some pieces of information, he failed to exhaust. It does appear that Mr. Carter's claim was technically defective because it did not contain information such as his taxpayer identification number or work and home telephone numbers. But these defects did not prevent the IRS from considering the merits of Mr. Carter's claim, which was that the collection activity was unlawful because it was not preceded by notices of deficiency. Indeed, on May 31, 2007, the IRS sent a notice to Mr. Carter denying his claim because "[t]he lien was not filed prematurely or not in accordance with the Service's administrative procedures." R., Vol. 1 at 56. Under these circumstances, we agree with the United States that an argument exists as to whether "the IRS waived objections to the sufficiency of [Mr.] Carter's administrative claim, given that the agency reviewed and denied his application for withdrawal of federal tax

(continued...)

-4-

entitled to summary judgment.

"We review a grant of summary judgment de novo." *Ford v. Pryor*, 552 F.3d 1174, 1177 (10th Cir. 2008). Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Although we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party, the nonmoving party must present more than a scintilla of evidence in favor of his position." *Ford*, 552 F.3d at 1177-78. The linchpin of Mr. Carter's claim under § 7433, is the IRS's alleged failure to send notices of deficiencies prior to issuing its notices of levy. On summary judgment, the United States proved that the notices were sent for the relevant tax years in question, which entitled it to judgment in its favor.

IV.

In his fourth count, Mr. Carter sues under 26 U.S.C. § 7432(a) which provides a cause of action against the United States for damages "[i]f any officer

---

[2](...continued)
lien[.]" Aplee. Answer Br. at 23. *See Angle v. United States*, 996 F.2d 252, 255 (10th Cir. 1993) (recognizing that the IRS may be held to have waived the formal requirements of its regulation where it proceeds to examine the merits of the claim).

or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." Section 7432 contains several limitations, including the requirement that "the court determine[] that the plaintiff has exhausted the administrative remedies available to [the] plaintiff," *id*. at (d)(1). As to when a lien must be released, 26 U.S.C. § 6325 provides that a certificate of release shall be issued thirty days following the date on which: (1) the liability for the amount assessed has been paid in full; (2) the assessment has become legally unenforceable; or (3) the taxpayer furnishes a bond conditioned on the payment of the amount assessed, *id*. at (a)(1)&(2).

The district court held that Mr. Carter did not exhaust his administrative remedies, and thus failed to state a claim for relief under § 7432. We need not reach the exhaustion issue for the reasons explained above, because even if we were to hold that Mr. Carter satisfied this obligation, he cannot state a claim for relief under § 7432, because he did not satisfy any of the conditions required for the release of a lien under § 6325. "Although the district court did not rely on this ground, we may affirm on any grounds supported by the record." *Bixler v. Foster*, 596 F.3d 751, 760 (10th Cir. 2010) (quotation omitted).

In his amended complaint, Mr. Carter urges liability under § 7432, because the IRS did not respond to his request to release the lien in the *manner* he wished:

In their denial, employees of the UNITED STATES took a hard-line position and did not attempt to rebut or establish how they determined the [notices of federal tax liens] were procedurally enforceable. Defendants have ignored all of the Plaintiff's administrative claims that demanded answers to his concerns regarding Defendants' intentional misapplication and administration of the internal revenue laws.

R., Vol. 2 at 247. To state a claim for relief under § 7432, a plaintiff must plead that he met at least one of the three requirements for the release of a lien under § 6325, and the IRS failed to timely act. The amended complaint falls short of this requirement and fails to state a claim upon which relief can be granted. *See Bixler*, 596 F.3d at 756 (holding "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face") (quotation omitted).

V.

Mr. Carter's fifth claim for relief is for the alleged violation of 26 U.S.C. § 6103, which provides that tax returns and information in such returns are confidential, and with certain exceptions, should not be disclosed. According to Mr. Carter, the defendants violated the statute when they included his social security number in the notices of federal tax liens that were filed in the public records and in the notices of levy issued to third parties. Section 6103(k)(6) contains one of many exceptions to confidentiality, and provides that return information may be disclosed in connection with collection activities. *See also* 26 C.F.R. § 301.6103(k)(6)-1(a)(1)(vi); *Mann v. United States*, 204 F.3d 1012,

-7-

1014, 1018 (10th Cir. 2000) (holding that there was no violation of § 6103(k) where notices of levies and liens included the taxpayers' social security numbers). We agree with the district court that Mr. Carter failed to state a claim for relief for the alleged violation of § 6103.

## VI.

Counts six through ten of Mr. Carter's amended complaint allege the violation of his constitutional rights arising from the defendants' failure to comply with certain statutes in the assessment and collection of taxes. "The United States and its agencies are not subject to suit under *Bivens*."[3] *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997). Further, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions." *Id*. Therefore, the district court correctly dismissed these claims.

## VII.

In count eleven, Mr. Carter alleges that Agent Pryor caused administrative summonses to be issued without the signature of an approving officer, thereby entitling him to damages for violation of the Administrative Procedures Act and 26 U.S.C. § 7429. In count twelve, Mr. Carter claims that the defendants' intentionally misapplied 26 U.S.C. § 6331(a) by issuing administrative notices of levy because he is not subject to the statute. The district court dismissed these

---

[3]     *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

claims on the grounds of sovereign immunity and lack of subject-matter jurisdiction respectively.

Mr. Carter's opening brief (and reply brief) does not raise any argument as to why the district court's ruling on these claims was error. As such, he has "forfeit[ed] appellate consideration of [these] issue[s]." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge